IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELLEY GOLDNER : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION |
| : | NO. 17-CV-3094 |
| COUNTY OF MONTGOMERY : | |
| : | |
| Defendant. : | |

**Jones, II**                                                                                         **July 11, 2018**

## MEMORANDUM

Plaintiff, Shelley R. Goldner, is an employee of the Montgomery County Common Pleas Court. (ECF No. 1, p. 1.) Plaintiff alleges that she received "an incorrect and inequitable starting salary" due to sex and age discrimination. (ECF No. 1, p. 1.) Plaintiff brings this present action against Defendant, Montgomery County, for violations of the Equal Pay Act, 29 U.S.C. § 206(d)(1) (Count I); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* (Count II); the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* (Count III); the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*(Count IV)*;* and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*. (Count V). (ECF No. 1, p. 1.) Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety. (ECF No. 5, p. 2.) After thorough review of Plaintiff's Complaint, Defendant's Motion to Dismiss, and Plaintiff's Brief in Opposition to Defendant's Motion, this Court grants Defendant's Motion in its entirety. This Court also grants Plaintiff leave to amend within fourteen days.

I.      **Procedural and Factual Background**

In June 2012, Plaintiff, then a fifty-seven year old woman, applied and interviewed for a Judicial Staff Attorney position with Judge Lois Murphy in the Montgomery County Common Pleas Court. (ECF No. 1, ¶¶ 21, 27-28.) The Montgomery County Common Pleas Court separated all of its attorneys based on legal experience into three separate categories with separate pay structures. (ECF No. 1, ¶¶ 30-31.) An attorney with zero to five years of experience was classified as a Judicial Law Clerk, an attorney with five to twelve years of experience was classified as a Judicial Staff Attorney grade I, and an attorney with over twelve years of experience was classified as a Judicial Staff Attorney grade II. (ECF No. 1, ¶¶ 31-33.) At the time of her interview, Plaintiff had "decades of legal experience in both transactional and litigation practice." (ECF No. 1, ¶¶ 34, 36.) On or about June 21, 2012, Defendant hired Plaintiff as a Judicial Law Clerk, a classification reserved for those with zero to five years of experience. (ECF No. 1, ¶¶ 37-40.) Said classification was incorrect based on Plaintiff's legal experience, but neither Judge Murphy nor Plaintiff was aware of the misclassification. (ECF No. 1, ¶¶ 41, 46.)

In November 2013, over a year after Plaintiff was hired, Judge Gail Weilheimer of the Montgomery County Common Pleas Court hired Marshall Schreibstein ("Schreibstein"), a male employee, as a Staff Attorney. (ECF No. 1, ¶ 63-64.) Schreibstein was originally misclassified as a Judicial Law Clerk. (ECF No. 1, ¶ 63.) Prior to the Salary Board approving Schreibstein's salary, Judge Weilheimer discovered that Schreibstein position was misclassified as a result of not being credited for his past legal experience. (ECF No. 1, ¶¶ 64-65.) Judge Weilheimer successfully petitioned the Salary Board for a change in Schreibstein's classification and salary. (ECF No. 1, ¶ 66.) Ultimately, Schreibstein was hired as a Judicial Staff Attorney and received a starting salary $7,319 more than that of Plaintiff. (ECF No.1, ¶¶ 66-67.)

In April 2015, Judge Murphy discovered that Defendant also misclassified Plaintiff. (ECF No. 1, ¶ 59.) Judge Murphy first recognized said mistake while serving on the budget committee where Judge Weilheimer disclosed to Judge Murphy that Defendant originally misclassified Schreibstein. (ECF No. 1, ¶¶ 47-49.) Judge Weilheimer further disclosed that Defendant corrected Schreibstein's classification and pay rate almost immediately, and that Defendant credited Schreibstein for his "past non-county employment legal experience." (ECF No. 1, ¶¶ 55-56.) Judge Murphy realized that Plaintiff should have been credited for her past work experience, and was misclassified due to this mistake. (ECF No. 1, ¶ 60.)

On or about April 27, 2015, Defendant reclassified Plaintiff and adjusted her salary accordingly. (ECF No. 1, p. 1.) However, Plaintiff contends that Defendant failed to compensate her for the pay she would have received had she been properly classified at the outset of employment. (ECF No. 1, p. 2.) Soon after, Plaintiff petitioned Defendant for back pay and benefits. (ECF No. 1, ¶¶ 80-84.) On June 19, 2015, Plaintiff met with two Court Administrators, Carol Dillon ("Dillon") and Michael Kehs ("Kehs"), "to discuss the issues surrounding her misclassification." (ECF No. 1, ¶ 81.) After preparing a memo in support of her position, Plaintiff was informed that her request for back pay and benefits had been approved by President Judge William Furber, but the paperwork could not be finalized until it was submitted to the Salary Board. (ECF No. 1, ¶¶ 84-85.) In September 2015, "Kehs informed [Plaintiff] that all the paperwork had been completed and submitted to the County." (ECF No. 1, ¶ 86.) However, in December 2015, Plaintiff was informed that her back pay and benefits request had been denied without ever being submitted to the Salary Board. (ECF No. 1, ¶¶ 87-88.)

Plaintiff contends that Defendant's refusal to approve her request for back pay was based on sex and age discrimination. (ECF No. 1, ¶¶ 90-91.) Plaintiff also contends that Defendant has

3

"failed and refused to compensate" her for work equivalent to her younger male coworkers, specifically referring to Schreibstein. (ECF No. 1, ¶¶ 92-93.) Finally, Plaintiff contends that she "has suffered and continues to suffer financial losses due to the pay disparity" between her and her younger male coworker. (ECF No. 1, ¶94.)

Plaintiff filed the Complaint on July 12, 2017, alleging violations of the Equal Pay Act ("EPA") (Count I), Title VII of the Civil Rights act of 1964 ("Title VII") (Count II), the Pennsylvania Human Relations Act ("PHRA") (Count III), the Age Discrimination in Employment Act ("ADEA") (Count IV), and the PHRA (Count V). Defendant now moves to dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 5, p. 2.)

## II. Standard of Review

### A. Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id. Accord Fowler v. UPMC Shadyside*, 578

4

F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

### III. Discussion

In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint fails to state a facially plausible claim under the EPA, Title VII, and the ADEA. (ECF No. 5, p. 8.) Furthermore, Defendant argues that Plaintiff's claims for sex and age discrimination under the PHRA are interpreted concurrently with Title VII and the ADEA respectively; therefore, the PHRA claims should be dismissed as well. (ECF No. 5, pp. 8, 9.) This Court will address each argument in turn.

#### A. Plaintiff has failed to state a claim under the EPA

In Count I, Plaintiff alleges that Defendant "paid and continues to pay" her a lower wage than male employees performing "jobs requiring equal, skill, effort and responsibility…under similar working conditions," thereby violating the EPA. (ECF No. 1, ¶¶ 98-102.) Defendant argues that Plaintiff failed to establish the requisite *prima facie* case and state a claim for which relief can be granted under the EPA. (ECF No. 5, p. 6.) Plaintiff claims that all she "must do to survive defendant's 12(b)(6) motion is to plead sufficient facts showing the plausibility of an EPA claim" and that her complaint is "more than adequate." (ECF No. 6-1, p. 7.) This Court disagrees.

The EPA prohibits employers from paying employees of the "opposite sex" different wages for performing a job that "requires equal skill, effort, and responsibility, and which are performed under similar working conditions...." 29 U.S.C. § 206(d)(1). Claims under the EPA follow a two-step burden shifting framework, which first requires the plaintiff to establish a

*prima facie* case of wage discrimination. *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000). Once the plaintiff establishes a *prima facie* case, the burden of production shifts to the employer to provide one of the four affirmative defenses specified in the EPA. *Id.*

In order to establish a *prima facie* case under the EPA, the plaintiff must demonstrate "that employees of the opposite sex were paid differently for performing 'equal work' – work of substantially equal skill, effort, and responsibility, under similar working conditions." *Id.* (*quoting E.E.O.C. v. Delaware Dept. of Human and Social Services*, 865 F.2d 1408, 1413-14 (3d Cir. 1989). To determine if two jobs are "substantially equal," the inquiry is whether or not the two jobs being compared have a "'common core' of tasks." *Brobst v. Columbus Servs. Int'l*, 761 F.2d 148, 156 (3d Cir. 1985). More specifically, the inquiry is "whether a significant portion of the two jobs is identical." *Id.*

Plaintiff's Complaint falls short of establishing a *prima facie* case under the EPA. Plaintiff was hired by Defendant as a Judicial Law Clerk, but fails to provide evidence of a male comparator that was "paid differently" for performing the "same work." (ECF No. 1, ¶ 40.) Plaintiff contends that a male coworker, Schreibstein, was granted a starting salary for $7,319 more than her. (ECF No. 1, ¶ 67.) However, Plaintiff acknowledges that Schreibstein was classified as a Judicial Staff Attorney, not a Judicial Law Clerk, at the start of his employment. (ECF No. 1, ¶¶ 64-67.) Said classification explains the pay differentiation. Thus, based on the pleadings, Plaintiff and Schreibstein essentially had separate job titles which ultimately led to different pay. Notwithstanding an initial classification mistake made against both, Plaintiff and Schreibstein, Defendant relied on its predetermined, experienced based classification system to decide the starting salaries for both Plaintiff and Schreibstein Therefore; Plaintiff was not paid

differently for the "same work" as Schreibstein because their job titles explained the pay differentiations. (ECF No. 1, ¶¶ 30-33.)

The more pressing question for this Court is whether Defendant intentionally misclassified Defendant because of her sex. Plaintiff alleges that she was misclassified because of sex discrimination, however, Plaintiff acknowledges that Schreibstein was originally misclassified as well. (ECF No. 1, ¶¶ 41, 64.) The difference being that Schreibstein discovered his misclassification prior to his salary determination, whereas Plaintiff did not discover her misclassification until years after her starting salary was approved by the Salary Board. (ECF No. 1, ¶¶ 59, 64.) Based on the pleadings, Defendant's misclassification was not based on sex because a male comparator, Schreibstein, was also initially misclassified. Ultimately, Plaintiff fails to provide facts to demonstrate that she was paid a lower starting salary than a male Judicial Law Clerk because of her sex; therefore, Plaintiff fails to establish a *prima facie* case under the EPA. For the foregoing reasons, this Court dismisses Count I of Plaintiff's Complaint.

### B. Plaintiff has failed to state a claim under Title VII

In Count II, Plaintiff alleges that her "sex was and is a determinative factor in Defendant's decision to underpay [her]," thereby violating Title VII. (ECF No. 1, ¶ 108.) Defendant argues that Plaintiff fails to state a facially plausible claim for sex discrimination under Title VII. (ECF No. 5, p. 7.) This Court agrees.

Title VII makes it unlawful for employers to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's…sex." 42 U.S.C. § 2000(e)(a)(1). The burden shifting framework for establishing and defending a claim under Title VII was set forth in *McDonnell Douglas Corp. v. Green*, 411

7

U.S. 792 (1973), which requires a plaintiff to first produce evidence of a *prima facie* case of discrimination. *Stanziale v. Jargowsky*, 200 F.3d 101, 105 (3d Cir. 2000). In order to establish a *prima facie* case of discrimination under Title VII, the plaintiff must provide evidence that: (1) she is a member of a protected class, (2) she was qualified for the position, (3) she suffered an adverse employment action, and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).

Here, Plaintiff contends that "Defendant paid and continues to pay [her] a lower wage than the male employees performing substantially equal work." (ECF No. 1, ¶ 107.) In her Complaint, Plaintiff provides facts to support the inference that she is a member of a protected class—female, and that she was qualified for the position—as she was hired and continues to be employed by Defendant. (ECF No. 1, ¶¶ 104-07.) Plaintiff also contends that she suffered an adverse employment action in that she was paid a lower wage per year than male employees "performing substantially equal work," and that her sex "was and is a determinative factor in Defendant's decision to underpay Plaintiff." (ECF No. 1, ¶¶ 107-08.) However, this Court finds no reasonable inference of intentional sex discrimination in Plaintiff's salary determination.

Plaintiff identified a male comparator, Schreibstein, who was classified as a Judicial Staff Attorney at the time his salary was approved, whereas Plaintiff was classified as a Judicial Law Clerk at the time her salary was approved. (ECF No. 1, ¶¶ 40, 64.) As already acknowledged by this Court, Plaintiff and Schreibstein were both originally misclassified by Defendant. (ECF No. 1, ¶¶ 40-41, 64.) Schreibstein, however, discovered his misclassification before the Salary Board approved his salary, whereas Plaintiff did not discover her misclassification until years after her starting salary had been approved. (ECF No. 1, ¶¶ 64, 59.) The difference in starting salary

8

appears to be attributed to the mistake in job classification, not sex discrimination. Plaintiff does not convince this Court otherwise, therefore, Plaintiff has failed to establish a *prima facie* case of sex discrimination under Title VII. This Court dismisses Count II of Plaintiff's complaint.

### C. Plaintiff has failed to state a claim under the ADEA

In Count IV, Plaintiff alleges that "Defendant unlawfully and discriminatorily refused to offer equal compensation for work to [her] because of her age, thereby violating the provisions of the ADEA." (ECF No. 1, ¶ 113.) Defendant argues that Plaintiff's Complaint fails to state a facially plausible claim for age discrimination under the ADEA. (ECF No. 5, p. 8.) This Court agrees.

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age…." 29 U.S.C. § 623. Similar to claims under Title VII, the *McDonnell Douglas* burden shifting framework applies to age discrimination claims under the ADEA. *Burton v. Teleflex Inc.*, 707 G.3d 417, 426 (3d Cir. 2013) (*citing Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009)). Under this framework, the plaintiff must first establish a *prima facie* case of age discrimination by showing that (1) she is forty years of age or older; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was ultimately replaced by another employee who was sufficiently younger to support an inference of discrimination. *Burton*, 707 F.3d at 426. In situations where the plaintiff is not directly replaced, the fourth prong can be satisfied "if the plaintiff can provide facts which 'if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (*quoting Pivirotto v. Innovative Sys.*, 191 F.3d 344, 352 (3d Cir. 1999)).

9

Here, Plaintiff alleges that "Defendant unlawfully and discriminatorily refused to offer equal compensation for work to Plaintiff because of her age, thereby violating the provisions of the ADEA." (ECF No. 1, ¶ 113.) Plaintiff has alleged facts to support the conclusion that she was over forty years old at the time she was hired and that she was qualified for the position. (ECF No. 1, ¶ 42.) However, Plaintiff was not replaced by a younger employee, nor does Plaintiff plead facts that would give rise to a reasonable inference that her salary decision was based on age discrimination. In fact, Plaintiff's pleadings lead this Court to reasonably conclude that Plaintiff and the younger comparator received similar treatment because both were initially misclassified by Defendant. (ECF No. 1, ¶ 64.) Because Plaintiff fails to plead facts that give rise to a reasonable inference of age discrimination under the ADEA, this Court dismisses Count IV of Plaintiff's Complaint.

### D. Plaintiff's claims under PHRA follow the same framework as Title VII and the ADEA

In Counts III and V, Plaintiff alleges that Defendant violated the PHRA by underpaying her because of her sex (Count III) and age (Count V). (ECF No. 1, ¶¶ 111, 116.) Defendant argues that Plaintiff's claims for sex discrimination and age discrimination under the PHRA are evaluated under the same legal standard as Title VII and the ADEA respectively. (ECF No. 5, pp. 6, 7.) Plaintiff does not contest this argument; Plaintiff concedes that the PHRA claims are to be analyzed concurrently with the Title VII and the ADEA claims. (ECF No. 6-1, p. 12.)

As this Court decided in the proceeding sections, Plaintiff failed to state a claim under Title VII and the ADEA; therefore, this Court dismisses Counts III and V of Plaintiff's Complaint for failure to state a claim under the PHRA.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED in its entirety. This Court also grants Plaintiff leave to amend within fourteen days. An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.